Ryan L. McBride (SBN 297557)
ryan@kazlg.com
Jonathan Gil (SBN 347431)
jonathan@kazlg.com
**Kazerouni Law Group, APC**
2221 Camino del Rio S, Suite 101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brien Amspoker, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Independent Community Bankers of America d/b/a TCM Bank, N.A.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br>**1. VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW (CAL. BUS. PROF. C. §§ 17200, *ET SEQ.*);**<br>**2. CONVERSION**<br>**3. TRESPASS TO CHATTELS**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. Plaintiff Brien Amspoker ("Plaintiff"), individually and on behalf of all other similarly situated, brings this class action against Independent Community Bankers of America d/b/a TCM Bank, N.A., (hereinafter referred to as "Defendant") for damages and public injunctive relief to protect the consuming public in California, including potential customers of Defendant, from the threat of future injury for unfair business practices.

2. Defendant withheld and forfeited properly earned cash rewards from customers,

- 1 -
COMPLAINT

without a valid reason. Plaintiff seeks disgorgement of ill-gotten profits, statutory damages, punitive damages, public injunctive relief, and attorney's fees and costs.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's Counsel, which Plaintiff alleges on personal knowledge.

4. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. §1332(d), because this is a proposed class action in which: (i) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (ii) members of the proposed Class are citizens of a State different from Defendant; and (iii) the number of Class Members is greater than 100.

6. Defendant has sufficient minimum contacts with California and have otherwise intentionally availed itself of the markets in California through the promotion, marketing, and sale of its products and services, sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District under 28 U.S.C. §1391(b)(2) and (3) because: (i) a substantial part of the events or omissions giving rise to these claims occurred in this District; (ii) Defendant is subject to the Court's personal jurisdiction with respect to this action because Defendant conducts business in this judicial district; and (iii) Plaintiff resides in this judicial district.

## PARTIES

8. Plaintiff is and all times mentioned herein was, an individual citizen and resident of the City of Irvine, County of Orange, State of California.

9. Defendant is a non-profit based out of Washington D.C. Its TCM Bank services are headquartered out of Tampa, Florida

10. Defendant provides credit card services to community banks throughout the United States.

## GENERAL ALLEGATIONS

11. Defendant is a nationally chartered bank that provides credit card services to community banks.

12. Defendant's business model is to reward the customer with cash rewards dependent on the amount spent on the credit card. The cash rewards are in the form of cash to be credited back to the account. The points do not expire and continuously accrue as long as the card is being used.

13. On November 1, 2024, Plaintiff's bank statement provided by Defendant showed Plaintiff had a points balance of 209,494 with a cash value of about $1,496.38.

14. On December 1, 2024, Plaintiff's bank statement provided by defendant showed Plaintiff had a points balance of 0.

15. On January 24, 2025, Plaintiff attempted to use the points, but was informed the cash rewards plan had been changed and all prior reward points were forfeited. Defendant told Plaintiff that it sent a letter outlining the new cash back rewards plan in July 2024.

16. Plaintiff did not receive the letter sent by Defendant outlining the new cash back rewards plan in July 2024.

17. Due to Defendant's new cash back rewards plan, Plaintiff lost all the cash rewards he had been earning and accumulating.

18. Plaintiff later asked for a copy of the July 2024 letter, which was provided by Defendant and stated in its first paragraph:

> We're pleased to announce that effective October 6, 2024, we're enhancing the rewards program on your SELECT Rewards Platinum Visa credit card. Your account information and all other benefits of your card will remain the same.

19. Using the language of "enhancing" implies an addition to an existing rewards program. Furthermore, Defendant guaranteed that consumers' other benefits would "remain the same."

20. Thus, even if Plaintiff had been notified of the change, the letter provides no notice of forfeiture. Moreover, the letter is dated only three months prior to the implementation of the new rewards program.

21. A reasonable consumer in a similar situation would not understand that the cash rewards earned would be lost upon the implementation of the new cash back rewards plan.

22. Since Plaintiff has had the credit card, he has been accruing cash rewards and therefore Plaintiff incurred actual financial losses due to Defendant's failure to provide the cash rewards to Plaintiff.

## CLASS ACTION ALLEGATIONS

23. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Plaintiff and the members of the Class have all suffered an injury in fact as a result of the Defendant's unlawful conduct.

25. The "Class Period" means four years prior to the filing of the Complaint in this action.

26. Plaintiff brings this lawsuit on behalf of himself and all others similarly situated under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedures. Subject to additional information obtained through further investigation and/or discovery, the proposed class ("Class") consists of:

> All persons in the State of California whose rewards points were deemed forfeit by Defendant within the Class Period because of Defendant's unilateral change in rewards

program.

27. Excluded from the Class and Sub-class are Defendant and any of Defendant's officers, directors, and employees. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

28. *Ascertainability*.  The members of the Class are readily ascertainable from Defendant's records of accounts which had points forfeited because of the program change in the 96 months preceding this filing, and the specific terms and parties identified therein.

29. *Numerosity*.  The members of the Class are so numerous that their individual joinder is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that the proposed class consists of tens of thousands of members, or more.

30. *Existence and Predominance of Common Questions of Law and Fact*. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class Members.  All members of the Class have been subject to the same conduct and their claims are based on the widespread dissemination of the unlawful, deceptive, and pernicious conduct by Defendant.  The common legal and factual questions include, but are not limited to, the following:

   i. whether Defendant engaged in a course of unfair, unlawful, fraudulent, and/or pernicious conduct in its lending and loan practices.
   ii. whether Defendant knew or should have known that its business practices were unfair, and/or unlawful;
   iii. whether Defendant dispossessed Plaintiff of property rights;
   iv. whether Defendant harmed Plaintiff and the Class; and
   v. whether Defendant was unjustly enriched by its unlawful and unfair

business practices.

31. **Typicality**. Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff is a member of the Class that Plaintiff seeks to represent. Plaintiff, like members of the proposed Class, spent time using Defendant's credit card and purchased products under the assumption that Defendant would apply its rewards program. Plaintiff is advancing the same claims and legal theories individually and on behalf of all absent members of the Class. Defendant has no defenses unique to Plaintiff.

32. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in consumer protection law, including class actions. Plaintiff has no adverse or antagonistic interests to those of the Class and will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and the proposed Class.

33. **Superiority**. Class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be impractical for members of the proposed Class to individually redress the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system,

presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable and superior pursuant to Fed. R. Civ. P. 23.

34. Unless the Class is certified, Defendant will continue its unlawful, unfair, and predatory practices as described herein. If the Class is certified, the harms to the Class can be easily rectified and prevent future harm from occurring.

35. Furthermore, Defendant has acted or refused to act on grounds that are generally applicable to the Class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed R. Civ. P. 23(b)(2).

## COUNT I

## FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.

36. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Plaintiff and Defendant are each "person(s)" as that term is defined by Cal. Bus. & Prof. Code § 17201. Cal. Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

38. Cal. Bus. & Prof. Code § 17204 confers standing to prosecute actions for relief not only on the public officials named therein, but on private individuals, i.e., "any person acting for the interests of itself, its members or the general public." Thus, a private Plaintiff who has suffered a financial injury may sue to obtain relief for others.

39. "Unfair competition" is defined by Bus. & Prof. Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or

practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

40. An "injunction" is "the primary form of relief available under the UCL to protect consumers from unfair business practices." *In re Tobacco II Cases*, 46 Cal.4th 298, 319 (2009); *see also*, *Clayworth v. Pfizer, Inc.*, 49 Cal.4th 758, 789 (2010) ("[i]f a party has standing under" the UCL, "it may seek injunctive relief").

### A. *"Unlawful" Prong*

41. By knowingly and intentionally changing the cash rewards plan without leaving consumers with the benefit of their cash rewards, Defendant has engaged in unlawful business practices.

42. Specifically, Defendant converted Plaintiff's money by withholding it from him, thereby making Defendant liable for conversion.

43. Defendant is also liable under trespass to chattels for substantially interfering with Plaintiff's possession of his earned rewards.

44. Plaintiff suffered actual monetary financial injury in that Plaintiff was not given the cash rewards that Plaintiff earned.

45. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

46. Plaintiff seeks public injunctive relief to benefit the general public directly by bringing an end to Defendant's unlawful business practices which threaten future injury to the general public.

### B. *"Unfair" Prong*

47. Defendant's actions and representations constitute an "unfair" business act or practice in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such

conduct.

48. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant committed acts of unfair competition as defined by Cal. Bus. & Prof. Code §§ 17200, *et seq.*, as described herein.

49. Defendant forfeited customers' points under a previous rewards plan and denied the redemption of legitimately earned rewards to customers.

50. Defendant had other reasonably available alternatives to further its legitimate business interests, other than the conduct described herein, such as implementing the new cash rewards plan, but allowing its customers to redeem pre-existing cash rewards.

51. Defendant could and should have furthered its legitimate business interests by allowing customers to cash out their rewards as properly earned.

52. Plaintiff, members of the Class, and the general public could not have reasonably avoided the injury suffered by each of them.

53. Defendant has a strong financial incentive to implement the new cash rewards plan and forfeit all prior points, denying customers the ability to use rightfully attained monies. Defendant thereby receives more money than its compliant competitors with similar rewards programs.

54. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices.

55. Plaintiff seeks public injunctive relief to benefit the general public directly by bringing an end to Defendant's unfair business practices which threaten future injury to the general public. Specifically, an injunction requiring Defendant to immediately reverse those rewards earned by customers whose properly earned points were forfeited as a result of the new cash rewards plan. Furthermore, an injunction preventing Defendant from making future changes which forfeit customers' points without adequate and informed notice.

56. Plaintiff also seeks restitution for the lost rewards points and any interest accumulated since the forefeiture.

### C. *"Fraudulent"* Prong

57. Defendant violated the "fraudulent" prong of the UCL by misleading Plaintiff to believe he would be able to recoup their points for cash rewards as properly earned.

58. Plaintiff used Defendant's services under the belief that Defendant provided points based on his purchases.

59. Defendant's unilateral forfeiture of Plaintiff's rewards points constitutes a fraudulent misrepresentation of Plaintiff's possessory interest in and use of Defendant's services.

60. Plaintiff acted reasonably in accruing cash rewards based on his belief that Defendant's representations were truthful and lawful.

61. Defendant knew that its notice to customers did not properly disclaim forfeiture of previous rewards points.

62. Plaintiff reserves the right to allege additional conduct that constitutes further fraudulent business acts or practices.

## COUNT II
## CONVERSION

63. Plaintiff realleges and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. Under California law, "[c]onversion is the wrongful exercise of dominion over the property of another." *Greka Integrated, Inc. v. Lowrey*, 133 Cal. App. 4th 1572, 1581 (2005). "The elements of a conversion claim are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." *Id*.

65. Defendant wrongfully exercised dominion over the cash value of the points

balance that should have been in Plaintiff's possession.

66. Plaintiff had the right to possess the cash value of the points balance.

67. Defendant wrongfully kept the money from Plaintiff and continued to earn interest on the unpaid money.

68. Thus, Defendant converted Plaintiff's money and is liable for conversion.

## COUNT III

## TRESPASS TO CHATTELS

69. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. Trespass to chattel is an intentional interference with the possession of personal property has proximately caused injury. *See, e.g.*, *Itano v. Colonial Yacht Anchorage* 267 Cal. App. 2d 84, 90 (1968).

71. Defendant intentionally interfered with Plaintiff's cash value of the points balance by forfeiting the points balance from Plaintiff. This caused Plaintiff's injury due to not having the money, which resulted in lost opportunities, interest, and the emotional distress from fear of having his rightfully earned property taken from him.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

- That this action be certified as a Class Action, Plaintiff be appointed as the representative of the Class, and Plaintiff's attorneys be appointed Class counsel;
- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection statutory claims asserted herein;
- Public injunctive relief through the role as a Private Attorney General, pursuant to Cal. Bus. & Prof. Code §§ 17204, permanently and immediately prohibiting Defendant from engaging in the unlawful conduct alleged

herein, including but not limited to illegally keeping the cash rewards properly earned by Plaintiff and the putative class;

- An order requiring imposition of a constructive trust and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and, also, to restore to Plaintiff and members of the Class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;
- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;
- Actual and punitive damages pursuant to common-law Conversion and Trespass to Chattels;
- Prejudgment and post judgment interest;
- Exemplary and/or punitive damages for intentional misrepresentations pursuant to, *inter alia*, Cal. Civ. Code § 3294;
- Costs of this suit;
- Reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5; and,
- Awarding any and all other relief that this Court deems necessary or appropriate.

Dated: May 16, 2025                                                          Respectfully submitted,

By: /s/Ryan L. McBride
Ryan L. McBride, Esq.
Attorneys for Plaintiff